**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANTHONY G. HALKIAS,

        Plaintiff,

v.                                 CIVIL ACTION NO.  2:05-cv-00438

THE AXA EQUITABLE LIFE INSURANCE
COMPANY, a foreign corporation, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff Anthony Halkias's motion to amend his complaint [Docket 13] and his motion to remand [Docket 21].  For the reasons stated herein, the court **GRANTS** these motions.

## I.  Background

Anthony Halkias originally filed this action in the Circuit Court of Raleigh County, West Virginia, against the AXA Equitable Life Insurance Company, Equitable Variable Life Insurance Company, the Equitable Life Assurance Society of the United States, AXA Advisors, LLC, (collectively referred to as "AXA") and their employee Robert B. Hurley.  Mr. Halkias alleged in his original complaint that AXA sells insurance services, including flexible premium variable life insurance policies such as the "Incentive Life 2000."  Mr. Halkias claimed the defendants, including Mr. Hurley, advertised and made assurances concerning the Incentive Life 2000 policy that grossly misrepresented the terms and conditions of the policy.  Mr. Halkias further claimed that he, and

1

others similarly situated, relied on the defendants' misrepresentations and purchased flexible premium variable life insurance policies from the defendants.  Based on these and other allegations, the original complaint includes claims for breach of contract, violations of the West Virginia Unfair Trade Practices Act ("WVUTPA"), fraudulent misrepresentation, violations of the West Virginia General Consumer Protection Act, punitive damages, and class certification.

The defendants removed the action to this court.[1]  Subsequently, AXA filed a motion to dismiss and a conditional motion to dismiss,[2] and Mr. Halkias filed a motion to amend his complaint and a motion to remand.  Mr. Halkias's proposed amended complaint is essentially the same as his original complaint except for the amended complaint's omission of the class action claim.

## II.    Analysis

1.    *Mr. Halkias can amend his complaint without leave of the court pursuant to Rule 15 of the Federal Rules of Civil Procedure.*

As an initial matter, the court **GRANTS** Mr. Halkias's motion to amend his complaint. Technically, Mr. Halkias could have filed an amended complaint without leave of the court because he is free to amend his complaint once as a "matter of course" before a responsive pleading is filed. *See* Fed. R. Civ. P. 15(a) (providing that "[a] party may amend the party's pleading once as a matter

---

[1]  Although the defendants did not timely remove this matter, Mr. Halkias waived this procedural defect by failing to object to the timeliness of the removal within thirty days after the filing of the notice of removal.  *See* 28 U.S.C. § 1446(a) (2000) (requiring a motion to remand on the basis of any defect other than lack of subject matter jurisdiction to be made within thirty days).

[2]  AXA filed its conditional motion to dismiss as part of its response to Mr. Halkias's motion to remand.

2

of course at any time before a responsive pleading is served").

AXA claims the court should consider AXA's motion to dismiss before the court considers Mr. Halkias's motion to amend. This contention, however, is without merit. Although it is true that AXA filed its motion to dismiss before Mr. Halkias filed his motion to amend, the motion to dismiss was not a responsive pleading for the purpose of Rule 15(a). See *Smith v. Blackledge*, 451 F.2d 1201, 1203 n.2 (4th Cir. 1971) (citing 3 James Wm. Moore et al., Moore's Federal Practice (2d ed. 1948) ¶ 15.07[2]) (finding that a plaintiff can amend a complaint once as a matter of course before a responsive pleading has been served even if the defendant has filed a motion to dismiss). Accordingly, Mr. Halkias was free to amend his complaint without leave of the court even after AXA filed its motion to dismiss.

> 2. *The court grants the motion to remand because the defendants have not established that Mr. Hurley was fraudulently joined.*

In the notice of removal, the defendants assert Mr. Halkias fraudulently joined Mr. Hurley, a West Virginia resident, in an attempt to defeat diversity jurisdiction.

Diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332 (2000). Accordingly, no party involved in a diversity suit may share common citizenship with an opposing party. *Id*. However, the judicially created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp*., 6 F.3d 229, 232–33 (4th Cir. 1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and

thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

To show that a nondiverse defendant has been fraudulently joined:

> the removing party must establish either: [t]hat there is *no possibility*
> that the plaintiff would be able to establish a cause of action against
> the in-state defendant in state court; or [t]hat there has been outright
> fraud in the plaintiff's pleading of jurisdictional facts.

*Id*. at 464.  Accordingly, the removing party bears a heavy burden, as it "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232–33.  Moreover, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder. *Mayes*, 198 F.3d at 464 (*citing AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). As the Fourth Circuit has recognized, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (quoting *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4th Cir. 1999)).

The defendants do not assert that fraud in the pleading has occurred.  Rather, they claim Mr. Halkias has not stated a claim against Mr. Hurley and that all of the claims asserted against Mr. Hurley are time barred.[3]

---

[3] The defendants also asserted Mr. Halkias's civil action was removable to this court pursuant to the Securities Litigation Uniform Standards Act ("SLUSA").  *See* 15 U.S.C. § 77p(c) (2000) (providing that class actions covered by SLUSA brought in any state court shall be removable to a federal district court).  Mr. Halkias addressed this potential jurisdictional issue in his amended complaint by omitting his class action claim.  The court accordingly **FINDS** that SLUSA does not serve as a basis for this court's continued jurisdiction. *See Spehar v. Fuchs*, 2003 WL 23353308, at *2 (S.D.N.Y. June 18, 2003) (finding remand is appropriate when a SLUSA claim is repleaded to take it out of the ambit of SLUSA).

> a.      *The issue of whether Mr. Halkias's claims are time barred is a factual issue in need of further development.*

The court is not persuaded by AXA's argument that Mr. Halkias's claims against Mr. Hurley are time barred.  In cases where the statute of limitations is difficult to determine, the doctrine of fraudulent joinder is not appropriate and the case should be remanded to state court.  *Shaffer v. Nw. Mut. Life Ins. Co.*, 394 F. Supp. 2d 814, 818 (S.D. W. Va. 2005) (citing *Riverdale Babtist Church v. Certaindeed Corp.*, 349 F. Supp. 2d 943, 949 (D. Md. 2004) (finding that where parties disagree as to when the statute of limitations begins to run, the state court should make the appropriate determination)).  In his response to AXA's motion to dismiss, Mr. Halkias argues that the discovery rule tolled the statute of limitations for his claims against the defendants.  He specifically asserts that questions of fact exist regarding when he learned the conduct at issue actually damaged him and when he learned the defendants misrepresented to him the terms of the subject insurance policy.  These are factual issues appropriate for the consideration of the state court.  Accordingly, the court **FINDS** the defendants failed to establish that Mr. Halkias's claims are barred by statutes of limitations.

> b.      *Mr. Halkias asserted a WVUTPA claim against Mr. Hurley.*

The court need only examine Mr. Halkias's WVUTPA claim to conclude that Mr. Halkias stated a claim against Mr. Hurley and that Mr. Hurley was not fraudulently joined.

The WVUTPA regulates insurance trade practices by defining and prohibiting unfair or deceptive practices.  W. Va. Code § 33-11-1 (2003).  The WVUTPA provides that "no person shall engage in this state in any trade practice which is defined in this article as . . . an unfair or deceptive act or practice in the business of insurance."  *Id.* at § 33-11-3.  The WVUTPA implies a private

cause of action for misrepresenting and falsely advertising insurance policies in violation of the Act. *Morton v. Amos-Lee Sec., Inc.*, 466 S.E.2d 542, 546–47 (W. Va. 1995). In addition, the West Virginia Supreme Court has found that the use of the term "person" in the WVUTPA creates a private causes of action against employees of insurance companies who engage in conduct violating the Act. *See Taylor v. Nationwide Mut. Ins. Co.*, 589 S.E.2d 55, 61 (W. Va. 2003) (finding that "a cause of action exists in West Virginia to hold a claims adjuster employed by an insurance company personally liable for violations of the [WVUTPA]").

Mr. Halkias alleged in his amended complaint that the defendants, including Mr. Hurley, intentionally misrepresenting the terms and conditions of Mr. Halkias's Incentive Life 2000 policy. This alleged conduct is incontrovertibly proscribed by the WVUTPA. Accordingly, the court **FINDS** Mr. Halkias has asserted a WVUTPA claim against Mr. Hurley sufficient to defeat the defendants' claim of fraudulent joinder.[4]

Having found that Mr. Halkias has stated a WVUTPA claim, the court finds it unnecessary to consider Mr. Halkias's remaining claims.

---

[4] AXA cites *Benson v. Continental Insurance Co.*, 120 F. Supp. 2d 593 (S.D. W. Va.. 2000), and *Fleming v. United Teacher Associates Insurance Co.*, 250 F. Supp. 2d 658 (S.D. W. Va. 2003), for the proposition that a claim against Mr. Hurley is precluded by well-settled West Virginia agency law. In *Taylor*, however, the West Virginia Supreme Court found that courts need not look to fundamental agency law in cases where a WVUTPA claim is asserted against an insurance company's employee because the employee's "individual liability arises from a positive duty created by statute and not from common law." *Taylor*, 589 S.E.2d at 61–62.

### III.   Conclusion

For the reasons stated, the court **GRANTS** Mr. Halkias's motion to amend and his motion to remand.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        April 4, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7